UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

MARGI RODRIGUEZ TRAVIESO

    Plaintiff,

vs.

TRACIA, LLC, a Florida Limited Liability Company, MARCELO O LEO, individually and ANDREA F IMBRIALE, individually

    Defendants.

_____/

# COMPLAINT

Plaintiff MARGI RODRIGUEZ TRAVIESO (hereinafter "Plaintiff") by and through her undersigned attorney, hereby sues Defendants TRACIA, LLC, a Florida Limited Liability Company (hereinafter "TRACIA") and MARCELO O. LEO (hereinafter "LEO"), individually and ANDREA F. IMBRIALE, individually (hereinafter "IMBRIALE") (collectively "Defendants") and states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid wages and unpaid overtime committed by Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and

because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendants are subject to personal jurisdiction there.

4. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

## PARTIES

5. During all times relevant to this Complaint, Plaintiff was employed by Defendants. Specifically, Plaintiff performed work for Defendants as [ from on or about 12/19/2020 until on or about 06/10/2022. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. TRACIA is a Florida Limited Liability Company organized and existing under and by virtue of the laws of Florida and was registered to do business within Florida. TRACIA has its principal place of business in Miami, Florida. TRACIA had, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. TRACIA is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

1. Specifically, TRACIA is a company that operates a restaurant where they use goods transported across interstate lines. Plaintiff worked as a cook on the line.

8. At all times material to this Complaint, TRACIA has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or material that have been moved in or produced for commerce.

9. TRACIA upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

10. Defendants IMBRIALE and LEO are managers and owners of TRACIA and exercised operational control over the activities of, corporate Defendant, TRACIA.

11. Defendants IMBRIALE and LEO acted directly in the interest of their company, TRACIA. Upon all available information, ANDREA F. IMBRIALE, controlled the manner in which Plaintiff performed her work, and the pay she was to receive.

12. All Defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

13. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

14. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked more than forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

15. Plaintiff began working for Defendants on December 19, 2020 as a Cook. Her primary duties were preparing the food for the customers.

16. During the course of her employment, Plaintiff worked between 70-80 hours per workweek. Plaintiff earned $15/hour. However, Plaintiff was not compensated at the rate of time and half for all the hours worked over 40 in a workweek.

17. A review of the pay stubs in which Plaintiff has in her current possession, custody, and control reflect that Plaintiff was issued a company check claiming to compensate her at her regular rate for all hours worked in a particular pay period.

18. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

19. Defendants and their representatives knew that Plaintiff was working overtime, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay.

20. Defendants maintained complete control over the hours Plaintiff worked and the pay she was to receive.

21. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

22. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

## COUNT I
## VIOLATION OF FLSA/OVERTIME against TRACIA

23. Plaintiff, re-alleges and reaffirms paragraphs 1 through 22 as if fully set forth herein.

24. This action is brought by Plaintiff to recover from Defendant TRACIA unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., 29 U.S.C. § 207 (a)(1) states "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

25. Since the commencement of Plaintiff's employment TRACIA has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by having employees working for longer than forty (40) hours without properly compensating them for all hours overtime hours at a rate not less than one- and one-half times their regular rate.

26. Specifically, throughout her employment Plaintiff worked over forty (40) hours during some of the workweeks in which she was employed.

27. TRACIA is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). TRACIA's business activities involve those to which the Fair Labor Standards Act applies.

28. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that she was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor as a cook and did not have decision-making authority.

29. TRACIA has knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

30. By reason of the said intentional, willful, and unlawful acts of TRACIA, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

31. Plaintiff seeks to recover for unpaid wages accumulated within three (3) years of the filing of this complaint.

32. As a result of TRACIA's willful violations of the Act, Plaintiff is entitled to liquidated damages.

33. Plaintiff has retained the undersigned counsel to represent she in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from TRACIA.

WHEREFORE, Plaintiff respectfully prays for the following relief against TRACIA:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## VIOLATION OF FLSA/OVERTIME against IMBRIALE

34. Plaintiff, re-alleges and reaffirms paragraphs 1 through 22 as if fully set forth herein.

35. At the times mentioned, Defendant IMBRIALE was, and is now, a corporate officer of corporate Defendant, TRACIA.

36. IMBRIALE was an employer of Plaintiff within the meaning of Section 3(d) of the Fair Labor Standards Act [29 U.S.C. § 203(d)], in that IMBRIALE acted directly in the interests of TRACIA in relation to its employees including Plaintiff.

37. Specifically, IMBRIALE supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

38. IMBRIALE had operational control of the business and is thus jointly liable for Plaintiff's damages.

39. Defendant IMBRIALE willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

40. By reason of the said intentional, willful and unlawful acts of IMBRIALE, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

41. As a result of IMBRIALE willful violations of the Act, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant IMBRIALE:

    A. Adjudge and decree that IMBRIALE has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
## VIOLATION OF FLSA/OVERTIME against LEO

42. Plaintiff, re-alleges and reaffirms paragraphs 1 through 22 as if fully set forth herein.

43. At the times mentioned, Defendant LEO was, and is now, a corporate officer of corporate Defendant, TRACIA.

44. LEO was an employer of Plaintiff within the meaning of Section 3(d) of the Fair Labor Standards Act [29 U.S.C. § 203(d)], in that LEO acted directly in the interests of TRACIA in relation to its employees including Plaintiff.

45. Specifically, LEO supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

46. LEO had operational control of the business and is thus jointly liable for Plaintiff's damages.

47. Defendant LEO willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

48. By reason of the said intentional, willful and unlawful acts of LEO, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

49. As a result of LEO willful violations of the Act, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant LEO:

A. Adjudge and decree that LEO has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**SPACE LEFT INTENTIONALLY BLANK**

## DEMAND FOR JURY TRIAL

Plaintiff, MARGI RODRIGUEZ TRAVIESO demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: December 6, 2022

**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive,
Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/ *Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/ *Juan J. Perez*
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com